**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**ANDRE GRANT,**

***Plaintiff,***

**v.** **Case No. SA-21-CV-1172-JKP**

**RENTGROW, INC, and**
**TRANSUNION RENTAL**
**SCREENING SOLUTIONS, INC.**

***Defendants*.**

**ORDER DENYING RECONSIDERATION**

The Court has under consideration a *Motion to Reconsider* (ECF No. 140) filed by Plaintiff. Pursuant to Fed. R. Civ. P. 54(b), Plaintiff "requests "that the Court reverse Magistrate Judge Richard Farrer's Order Denying Plaintiff's Motion to Exclude Defendant RentGrow, Inc.'s Expert, Rebecca E. Kuehn." Although Plaintiff states that the motion is opposed, the Court finds no reason to await a response given the rapidly approaching settings and deadlines in this case, including mediation set for October 13, 2023; the Final Pretrial Conference set for November 7, 2023; trial set for November 13, 2023; and the trial-related deadlines established in the Court's Trial Scheduling Order. The motion, furthermore, provides no legitimate basis for reconsideration.

Typically, the Judge who issued the order to be re-reviewed would consider the filed motion for reconsideration. This is true even when a Magistrate Judge issued the order sought to be re-reviewed. One notable exception, however, is when a party seeks reconsideration of a pretrial matter under 28 U.S.C. § 636(b)(1)(A), which provides for reconsideration by the presiding district judge upon a showing "that the magistrate judge's order is clearly erroneous or contrary to law." Plaintiff, however, has not sought reconsideration of the Magistrate Judge's order under that statutory provision.

That is likely because Fed. R. Civ. P. 72(a) requires parties "to serve and file objections to the order within 14 days after being served with a copy" of the order. The Magistrate Judge issued his order about seven months ago. Rule 72(a) precludes parties from "assign[ing] as error a defect in the order not timely objected to." Under Rule 72(a), the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." But without timely objection, courts may deem alleged error waived. *See Traxcell Techs., LLC. v. AT&T Corp.*, No. 2:17-CV-00718-RWS-RSP, 2022 WL 949949, at *5 (E.D. Tex. Mar. 29, 2022), *aff'd sub nom. Traxcell Techs., LLC v. AT&T Inc.*, No. 2023-1246, 2023 WL 4503520 (Fed. Cir. July 13, 2023); *James v. Life Ins. Co. of N. Am.*, No. CIV.A. H-12-2095, 2014 WL 5878465, at *2 (S.D. Tex. Nov. 12, 2014); *Estrada v. Owsley*, No. C.A. C-06-398, 2007 WL 332634, at *1 n.3 (S.D. Tex. Jan. 31, 2007) (recommendation of Mag. J.).

Still, "even if a party fails to file objections to an interlocutory order issued by . . . a magistrate judge . . . the district court judge has the authority under 28 U.S.C. § 636 to review the order." *In re C.F. Bean, LLC*, No. 1:13-CV-77-HSO-RHW, 2017 WL 4391769, at *2 (S.D. Miss. Oct. 3, 2017). As stated long ago by the Supreme Court:

> The district judge has jurisdiction over the case at all times. He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment. Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). This authority includes "withdraw[ing] its referral of an issue to a magistrate judge at any time." *In re C.F. Bean, LLC*, 2017 WL 4391769, at *2 (citing *Thomas*, 474 U.S. at 154).

In this case, the magistrate judge referral ended in April when the Magistrate Judge returned the case to the undersigned. *See* ECF No. 4 (Referral Order); ECF No. 128 (Order Returning

Case to District Court). While it is within the Court's authority to directly refer the instant motion for resolution by the assigned Magistrate Judge, the Court finds such process unnecessary and inefficient in this instance.

Plaintiff invokes Fed. R. Civ. P. 54(b), which applies when a party seeks reconsideration of an interlocutory order. *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (recognizing the applicability of Rule 54(b)); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam) (clarifying relationship between Rule 54(b) and 59(e)).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all of the claims." Through "Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (citation and internal quotation marks omitted). Applying "the more flexible Rule 54(b)" standard, provides broader discretion for the courts to reconsider their interlocutory orders. *Id*. at 337. The more flexible approach reflects the "inherent power" of the "court to afford such relief from interlocutory judgments as justice requires." *Id*. (quoting *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015)).

So long as courts "recognize that they have the discretion to grant reconsideration even in the absence of any such showing," the flexible approach permits them to "require a showing of one of the following factors to justify reconsideration: an intervening change in law; availability of previously unavailable new evidence; or a need to correct a clear legal error or to prevent manifest injustice." *S.L.V. v. Rosen*, No. SA-21-CV-0017-JKP, 2021 WL 243442, at *5 (W.D. Tex. Jan. 25, 2021) (second quote from *Gonzalez ex rel. E.G. v. Bond*, No. 1:16-CV-0068-BL, 2017 WL 3493124, at *7 (N.D. Tex. June 29, 2017) (recommendation of Mag. J.) *adopted by* 2017 WL

3491853 (N.D. Tex. Aug. 14, 2017)). In many circumstances, the absence of such showing would exhibit no injustice to denying reconsideration. But in all cases, the critical consideration for reconsidering an interlocutory order under Rule 54(b) is whether justice requires relief from such order. *See Austin*, 864 F.3d at 337.

In this case, justice emphatically does not require relief from the Magistrate Judge's order for at least two reasons. First, Plaintiff failed to object or timely seek review of such order in accordance with 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). While a district judge may review a magistrate judge's orders even without an objection, nothing requires such review. It would be a rare case for the Court to permit an end run around the objection requirements of Rule 72(a) by reconsidering an order of the Magistrate Judge through Rule 54(b). This case presents no such rare circumstances as to justify consideration of any objection available during the objection period provided by Rule 72(a). Although Plaintiff frames the issue as the Magistrate Judge lacking access to and not considering this Court's recent order denying summary judgment, the actual premise of the objection is that the Magistrate Judge did not consider issues of law or arguments presented in the motion to exclude. That premise was available in March and this Court will not reconsider the March ruling on that basis.

Second, and most importantly, the Magistrate Judge clearly denied Plaintiff's motion to exclude without prejudice. In fact, the Magistrate Judge denied motions to exclude presented by both sides without prejudice. In doing so, the Magistrate Judge expressed "*significant* concern" about Plaintiff's expert. But despite that concern, the Magistrate Judge denied both motions and stated: "Ultimately, the Court is confident the District Court will evaluate these and other issues connected to this expert should it take up these issues and arguments at a later juncture in the case." While that statement focuses on Plaintiff's expert, the denial without prejudice indicates that neither party is foreclosed from reasserting the matters raised in both motions.

Plaintiff has not demonstrated that justice requires relief from the order denying his motion to exclude without prejudice. The Court sees no injustice to such ruling that must be remedied on reconsideration. Although the Court's initial scheduling order in this case set a deadline of November 15, 2022, for parties to "file any *Daubert* motions and challenge to or motion to exclude expert witnesses," *see* ECF No. 27 ¶ 10, and the Court later extended that deadline to December 15, 2022, along with the deadline to file any dispositive motions, *see* ECF No. 35 ¶¶ 7-8, the Magistrate Judge's denial of the motions to exclude without prejudice indicates that the parties would have a later opportunity to present the issues to the Court. Given that denial without prejudice, the Trial Scheduling Order (ECF No. 129) provides such opportunity through a properly filed motion in limine, with a deadline of two weeks before the Final Pretrial Conference that is currently set for November 9, 2023. This opportunity renders unnecessary any perceived need to reconsider the denial of Plaintiff's motion.

For these reasons, the Court **DENIES** the *Motion to Reconsider* (ECF No. 140) filed by Plaintiff under Fed. R. Civ. P. 54(b).

**IT IS SO ORDERED this 4th day of October 2023.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**